**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


ROSEMARY D. PIERCE


       v.                                                                    Civil No. 25-cv-178-JL-TSM

U.S. POST OFFICE AND
UNITED STATES POSTAL SERVICE


**REPORT AND RECOMMENDATION**


Self-represented Plaintiff, Rosemary D. Pierce, filed this lawsuit seeking relief related to the U.S. Post Office's alleged failure to deliver her mail. Doc. No. 1. Before the court is Plaintiff's untitled filing, which was docketed as "Vital Statistics Information." Doc. No. 20. In her filing, Ms. Pierce writes about her efforts to claim money and/or property through "Find Mass Money"[1] ("FMM") and states, "I am asking in this situation both cases be heard tog[ether] and againt [sic] find ma mon[ey]." Id. at pg. 1. Therefore, although the document is not titled as a motion, the court liberally construes the filing as a motion to amend the Complaint. Doc. No. 20. However, for the reasons that follow, the court recommends that the district judge deny Plaintiff's motion.

**BACKGROUND**

In her pleading, Ms. Pierce alleges that she contacted FMM to claim money and property related to her deceased parents. Doc. No. 20 at pgs. 1-2. Although she alleges that she took steps to claim the property, she states that she still has not received it. She alleges that this delay may be connected to her issues accessing her PO Box. Id. at pg. 2. She further alleges that the post

---

[1] Ms. Pierce's reference to "Find Mass Money" presumably refers to the Massachusetts State Treasurer's unclaimed property division. See Find Mass Money, https://www.findmassmoney.gov/ (last visited Mar. 17, 2026)

office and FMM engaged in "a plan" to thwart her efforts to claim the property at issue from FMM. Id. at pg. 1. Accordingly, Ms. Pierce moves to amend her Complaint to include allegations regarding her pursuit of the unclaimed property in Massachusetts. Id.

## LEGAL STANDARD

A request to amend is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that a party may amend its pleading once as a matter of course. See Fed. R. Civ. P. 15(a)(1). When a party has already amended its pleading, that party may only further amend the pleading "with the opposing party's written consent or the court's leave." Katz v. Liberty Power Corp., LLC, 693 F. Supp. 3d 154, 158 (D. Mass. 2023). Federal Rule of Civil Procedure 15(a)(2) provides in relevant part: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave may be denied for reasons including undue delay, bad faith, prejudice, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962).

## DISCUSSION

Although Ms. Pierce has not previously filed a formal amended complaint, she has filed several complaint addenda in which she added substantive facts to her Complaint. See Doc. No. 29 at pg. 2. Therefore, she is not entitled to amend her Complaint as of right. See Fed. R. Civ. P. 15(a)(1).[2]

Because Ms. Pierce cannot amend as of right, she many amend her Complaint only with the opposing party's written consent or permission from the court. Here, Ms. Pierce has not

---

[2] Even if the court concluded that Ms. Pierce did not already use her ability to amend as of right, the court would still recommend that the district judge deny the amendment because Ms. Pierce's filing does not state with specificity the facts and/or parties that she seeks to add. Instead, she asks the court to hear "both cases" together. Doc. No. 20 at pg. 1.

2

obtained the required consent from Defendants, nor has she followed the proper procedure to request the court's permission to amend her Complaint. See LR 15.1 (directing the amending party to: "(i) attach the proposed amended filing to the motion to amend, (ii) identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties, and (iii) explain why any new allegations, claims, or parties were not included in the original filing"). Although self-represented litigants are entitled to a liberal construction of their submissions, "even pro se plaintiffs must follow procedural rules[.]" Rourke v. United States Air Force, 765 F. Supp. 3d 27, 30 (D. Mass. 2025). Therefore, the district judge should deny Ms. Pierce's motion to amend her Complaint (Doc. No. 20).

## CONCLUSION

For all the reasons detailed herein, this court recommends that the district judge deny Plaintiff's motion to amend (Doc. No. 20). Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Talesha L. Saint-Marc
United States Magistrate Judge

March 17, 2026


cc:     Rosemary D. Pierce, pro se
        Counsel of record