**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

ROSEMARY D. PIERCE

v. Civil No. 25-cv-178-JL-TSM

U.S. POST OFFICE AND
UNITED STATES POSTAL SERVICE

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Self-represented Plaintiff, Rosemary D. Pierce, filed this lawsuit alleging Defendants, the U.S. Post Office and the United States Postal Service, denied her access to her Post Office ("PO") Box. Doc. No. 1. Following preliminary review, the court determined that, liberally construed, Ms. Pierce asserted three claims in her Complaint: 1- breach of contract; 2- violation of her Fifth Amendment due process right; and 3- negligent mail-handling.[1] Doc. No. 4. On August 1, 2025, Defendants moved to dismiss Ms. Pierce's lawsuit for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 12. The undersigned magistrate judge recommended that the district judge permit the breach of contract claim to proceed but dismiss all other claims. Doc. No. 29. The district judge accepted the recommendation. See Mar. 12, 2026, Order. Accordingly, all that remains is Plaintiff's breach of contract claim relating to her PO Box.

Defendants now move for summary judgment on the remaining claim, and the motion was referred to the undersigned for a report and recommendation. Doc. No. 42; Fed. R. Civ. P. 72(b).

---

[1] Although the negligence claim was not subject to the court's preliminary review, see Doc. No. 4, the court includes it as a claim and addresses it here because Defendants raised it in their motion to dismiss. Doc. No. 12-1 at pg. 4.

Ms. Pierce objected to Defendants' motion for summary judgment (Doc. No. 44). For the reasons that follow, the district judge should grant Defendants' motion.

## BACKGROUND

Unless otherwise indicated, the following facts are undisputed and are drawn from the materials filed in support of Defendants' motion for summary judgment: the Declaration of David R. Kupper (Doc. No. 42-2) and attachments thereto, including a blank copy of Postal Service Form 1093 ("PS Form 1093") (Doc No. 42-3), a PS Form 1093 signed by Ms. Pierce (Doc. No. 42-4), and a printout of a Web Box Activity Tracking System ("WebBATS") report related to Ms. Pierce's PO Box (42-5).

### *The PO Box Rental Agreement*

Defendants offer a variety of postal products and services to customers through the United States Postal Service ("USPS"). Doc. No. 42-2 at ¶ 2. For a fee, USPS offers individual PO Boxes at many of its post offices. Id. To apply for a PO Box, customers can follow the instructions on PS Form 1093. Id. at ¶ 3; Doc. No. 42-3 (outlining identification requirements, fees, service periods, renewals, and available box sizes). Payments for renewal of a PO Box are due on or before the last day of the month when the current service period ends. Doc. No. 42-3 at pg. 1. After 10 days of nonpayment, USPS removes any accumulated mail in the PO Box, treats it as undeliverable, and closes the box. Id. When discontinuing PO Box service, such as when PO boxes are closed, USPS recommends that customers submit a Change of Address form to ensure proper mail forwarding. Id. at pg. 2.

Ms. Pierce entered into an agreement with the Concord Post Office on May 3, 2024, to rent PO Box 4065. Doc. No. 42-4. She executed PS Form 1093 and paid a $100.00 fee for a six-month rental period using a credit or debit card processed through the USPS Retail Systems Software

("RSS") terminal.[2] Doc. No. 42-4; Doc. No. 42-2 at ¶ 9. Ms. Pierce renewed her PO Box service on October 2, 2024, and again used the RSS terminal to pay $100.00 for an additional six-month period (expiring on April 30, 2025). Doc. No. 42-2 at ¶ 10. Ms. Pierce's record on WebBATS[3] shows that after her payment on October 2, 2024, USPS received no further payments from Ms. Pierce for PO Box 4065.[4] Doc. No. 42-5 at pg. 3. Consistent with the USPS policy, USPS blocked access to PO Box 4065 for nonpayment on May 1, 2025. Doc. No. 42-2 at ¶ 11. On May 11, 2025, USPS closed PO Box 4065 pursuant to USPS policy. Id. Ms. Pierce filed the instant lawsuit two days later, on May 13, 2025.

***Procedural History***

On August 1, 2025, Defendants moved to dismiss Ms. Pierce's lawsuit for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 12. This court recommended that the district judge permit the breach of contract claim to proceed but dismiss all other claims. Doc. No. 29. Although Defendants moved to dismiss Ms. Pierce's breach of contract claim, by arguing in part that the Federal Tort Claims Act ("FTCA") barred contract (and not only tort) claims regarding mail handling, the court concluded Ms. Pierce stated a plausible claim under New Hampshire law. Id. at pgs. 7-8. Particularly, this court found Ms. Pierce sufficiently alleged that she opened her PO Box in May 2024, renewed her contract in October 2024 with a renewal

---

[2] The RSS terminal is a computer-based point-of-sale system used by retail associates at post office counters to process transactions. Doc. No. 42-2 at ¶ 9.

[3] USPS uses a web-enabled database named WebBATS to manage, track, and reconcile PO Box rentals. Doc. No. 42-2 at ¶ 7.

[4] Ms. Pierce alleges that she paid $100.00 in cash to a manager at Concord's Loudon Road Post Office in May 2025 (Doc. No. 19), however, this is not supported by the evidentiary record and "mere allegations are not entitled to weight in the summary judgment calculus." See Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 3 (1st Cir. 2010).

payment due April 30, 2025, and stopped receiving mail at least two months prior to filing suit on May 13, 2025. Id. Because these facts plausibly established that a binding contract was active when Defendants allegedly ceased delivering her mail prior to the rental's expiration, her allegations were deemed sufficient to survive dismissal. Id. The district judge accepted the recommendation, noting that the "argument regarding the FTCA barring contract (and not only tort) claims regarding mail handling was not squarely advanced or sufficiently developed in the motion to dismiss[.]" See Mar. 12, 2026, Order.

Defendants now move for summary judgment, arguing they are entitled to judgment as a matter of law because this court lacks subject matter jurisdiction since the FTCA's postal matter exception bars Ms. Pierce's contract claim. Doc. No. 42-1 at pg. 2. To the extent Ms. Pierce raises claims unrelated to the handling of her mail, Defendants argue such claims are without evidentiary support in the record and therefore they are likewise entitled to judgment as a matter of law. Id.

## LEGAL STANDARD

### I. Summary Judgment

Defendants move for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence 'is such that a reasonable jury could resolve the point in the favor of the non-moving party[.]'" Taite v. Bridgewater State Univ. Bd. of Trs., 999 F.3d 86, 93 (1st Cir. 2021) (quoting Ellis v. Fid. Mgmt. Tr. Co., 883 F.3d 1, 7 (1st Cir. 2018)). "[A] fact is 'material' if it 'has the potential of affecting the outcome of the case[.]'" Id. (quoting Pérez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 25 (1st Cir. 2011)).

"Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)). The court must view "the record and all reasonable inferences therefrom in the light most favorable to the non-moving part[y]." Estate of Hevia v. Portrio Corp., 602 F.3d 34, 40 (1st Cir. 2010). "This standard is favorable to the nonmoving party, but it does not give him a free pass to trial." NievesRomero v. United States, 715 F.3d 375, 378 (1st Cir. 2013) (quoting Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011)). "'[C]onclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative' will not suffice to ward off a properly supported summary judgment motion." Id. (alteration in original) (quoting Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001)).

## II. Subject Matter Jurisdiction

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As a threshold matter, the court must first examine this jurisdictional challenge. See Lawless v. Steward Health Cares Sys., LLC, 894 F.3d 9, 16 (1st Cir. 2018) ("Since the existence of federal subject-matter jurisdiction implicates our power to hear and determine a case, we must address that issue before proceeding further.").

## DISCUSSION

Defendants argue that the postal matter exception in the FTCA preserves sovereign immunity for claims arising from the loss, mishandling, miscarriage, or non-delivery of mail, depriving this court of subject matter jurisdiction over Ms. Pierce's claims. Doc. No. 42-1 at pgs. 4-6. Defendants argue in the alternative that the United States is entitled to judgment as a matter of law under Rule 56 because the record is "devoid of evidence on which a reasonable fact finder could find that USPS breached any contractual duty to Plaintiff." Doc. No. 42-1 at pg. 6. For the reasons that follow, the court rejects the argument that the FTCA deprives the court of subject matter jurisdiction over Ms. Pierce's breach of contract claim. However, because the undisputed evidence demonstrates that Defendants did not breach the PO Box agreement, Defendants are entitled to judgment as a matter of law on the breach of contract claim. Accordingly, this court recommends the district judge grant Defendants' motion for summary judgment.

### I. Subject Matter Jurisdiction

#### A. The FTCA and Postal Claims

The United States is sovereign, and therefore, it "may not be sued without its consent." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (citing United States v. Dalm, 494 U.S. 596, 608 (1990)). Accordingly, federal courts lack subject matter jurisdiction over claims against the United States unless Congress has expressly waived sovereign immunity and consented to suit. See Murphy, 45 F.3d at 522. Any waiver of sovereign immunity "must be unequivocally expressed," and statutes waiving immunity are strictly construed in favor of the United States. F.A.A. v. Cooper, 566 U.S. 284, 290 (2012). Courts may not enlarge a waiver of sovereign immunity "beyond what the language [of the statute creating the waiver] requires." Murphy, 45 F.3d at 522 (quoting Gonsalves v. I.R.S., 975 F.2d 13, 15 (1st Cir. 1992)). The burden ultimately

rests with the party invoking federal jurisdiction to establish that jurisdiction exists and that the United States has waived sovereign immunity for the claims asserted. Murphy, 45 F.3d at 522.

"By means of the Federal Tort Claims Act, Congress waived that sovereign immunity for certain tort suits based on the conduct of Government employees." United States Postal Serv. v. Konan, 607 U.S. 391, 394 (2026). However, "Congress retained sovereign immunity for a wide range of claims about mail. Specifically, the FTCA's postal exception retains sovereign immunity for all claims 'arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'" Id.

B. Discussion

Defendants contend Ms. Pierce's allegation that USPS stopped delivering her mail to her PO Box before the end of the PO Box service period, and her allegation that USPS did not deliver her mail to her home after the PO Box agreement expired, are claims that fall within the FTCA's postal exception because they "aris[e] out of the loss, miscarriage, or negligent transmission of letters or postal matter." Doc. Not. 42-1 at pg. 4 (citation and internal quotation omitted). Defendants further argue that Ms. Pierce cannot avoid the postal exception by recharacterizing mail-delivery claims as contract or other non-tort claims (i.e., Defendants argue that Ms. Pierce's breach of contract claim is essentially a cloaked negligent transmission claim). See Doc. No. 42-1 at pgs. 4-6; Konan, 146 S. Ct. at 740, 746 (holding that the FTCA's postal exception retains sovereign immunity for "all claims arising out of the loss, miscarriage, or negligent transmission" of mail, including intentional acts such as theft or destruction by postal employees).

In support of their argument that Ms. Pierce's contract claim is actually a tort claim subject to the postal exception, Defendants rely on several district court decisions that reject attempts to "artfully plead" postal claims as contract claims. Id. at pgs. 5-6. In these cases, the courts looked

at the substance of an alleged claim, rather than the label the plaintiff attached to it in their pleadings, to determine whether the claim fell within the postal exception of the FTCA. See, e.g., Persick v. U.S. Postal Serv., No. A. 00-5062, 2001 WL 185543 (E.D. Pa. Feb. 23, 2001) (holding that claims styled as a breach of contract and unfair practices were barred where the underlying injury stemmed from the non-delivery of mail); Brown v. United States Postal Servs. Domestic Claims, No. CV 23-2554, 2024 WL 1052897, at *2 (E.D. Pa. Mar. 11, 2024) (stating postal exception can apply regardless of the form of claim if "the ultimate claim of liability remains misdelivery"); Gownaris v. U.S. Postal Serv., No. CIV.A. 87-3403, 1988 WL 61741, at *2 (E.D. Pa. June 10, 1988) (rejecting attempt to recast misdelivery claim as claims for false advertising and failure to warn where the underlying basis for liability remained negligent mail delivery), aff'd, 865 F.2d 250 (3d Cir. 1988); and Allied Coin Inv., Inc. v. U.S. Postal Serv., 673 F. Supp. 982, 986-87 (D. Minn. 1987) (granting summary judgment to USPS and denying plaintiff's cross-motion where the underlying injury arose from the loss of postal matter). According to Defendants, these cases establish that claims remain barred where "the ultimate claim of liability remains misdelivery." Doc. No. 42-1 at pg. 6 (quoting Allied Coin, 673 F. Supp. at 987).

Although the court agrees that mail mishandling claims are barred by the FTCA, the court is not persuaded that Ms. Pierce's claim is a tort claim that is cloaked as a contract claim for which Defendants are immune. In the cases on which Defendants rely, regardless of how the plaintiffs characterized their claim, the essence of the alleged injury stemmed from the Postal Service's failure to deliver or properly handle mail. By contrast, here, Ms. Pierce's breach of contract claim seeks to enforce an independent contractual obligation (e.g., the contract for the use of the PO Box). While tort claims seek damages that result from the USPS's alleged negligence, a contract claim such as the one at issue here alleges that "the post office breached an express agreement to

provide a six-month rental of a post office box in exchange for [the plaintiff's] payment of the fee." See MB Fin. Grp., Inc. v. U.S. Postal Serv., 545 F.3d 814, 819 (9th Cir. 2008). "[A] plaintiff is generally entitled to plead alternative or multiple theories of recovery on the basis of the same conduct on the part of the defendant." Id.; see also Fed. R. Civ. P. 8(d)(2). Although the negligence claims in this case, which were already dismissed, arise out of the same situation, they do not necessarily rest on the same facts as the breach of contract claim. Therefore, the court disagrees with Defendants' characterization that Ms. Pierce's contract claim is merely a negligence claim in disguise. See MB Fin. Grp., 545 F.3d at 819.

Here, the undisputed evidence demonstrates that Ms. Pierce entered into a valid contract with Defendants for the rental and use of a PO Box. See Doc. Nos. 1, 18. Although Ms. Pierce claims that she stopped receiving mail before filing suit, liberally construed, the Complaint alleges that Defendants failed to provide the contracted-for service itself (i.e., continued access to and use of the rented PO Box after accepting payment for that service).[5] Id. The alleged breach therefore arises not merely from the transmission or misdelivery of mail, but from the alleged denial of use of the PO Box and denial of the service associated with the PO Box rental agreement. None of Defendants' cited authorities address whether sovereign immunity bars a claim premised on the denial of access to a paid-for PO Box independent of any claim for mishandled mail.

Accordingly, Ms. Pierce's contract-based claim falls outside the FTCA's postal matter exception. Sovereign immunity does not bar her claim, and the district judge should not grant Defendants' motion for summary judgment on this basis.

---

[5] "A document filed pro se is 'to be liberally construed,' . . . and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## II. Breach of Contract

Alternatively, Defendants argue they are entitled to judgment as a matter of law because the record is "devoid of evidence on which a reasonable fact finder could find that USPS breached any contractual duty to [Ms. Pierce]." Doc. No. 42-1 at pg. 6. The court agrees. To state a claim for breach of contract under New Hampshire law, a plaintiff must allege "(1) that a valid, binding contract existed between the parties, and (2) that the defendant breached the terms of that contract." Doe v. Trs. of Dartmouth Coll., 615 F. Supp. 3d 47, 60 (D.N.H. 2022). "A breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." Lassonde v. Stanton, 157 N.H. 582, 588 (2008).

The undisputed evidence demonstrates that Ms. Pierce applied for PO Box service at the Concord Post Office on May 3, 2024, by submitting a completed Form PS 1093 and paying $100.00 for six months of PO Box service. Ms. Pierce was assigned PO Box 4065, which she renewed on October 2, 2024, by paying an additional $100.00 for another six-month period expiring on April 30, 2025. See generally Doc. No. 42-2; Doc. No. 42-4; Doc. No. 42-5. After her October 2, 2024 payment, Ms. Pierce made no further payments for PO Box service at the Concord Post Office. See Doc. No. 42-5. Consistent with the terms of the PO Box agreement, on May 11, 2025, USPS closed PO Box 4065 for nonpayment, and Ms. Pierce's mail was treated as undeliverable.[6] See Doc. No. 42-2 at ¶¶ 4, 11-12.

Although Ms. Pierce claims in her pleadings that she renewed her PO Box via cash on May 1, 2025, and that she stopped receiving mail two months prior to filing suit on May 13, 2025 (Doc. Nos. 1, 18, 19), she offers no supporting evidence for either assertion. Further, Ms. Pierce cannot

[6] Ms. Pierce did not update her mailing address with USPS since discontinuing her PO Box service. Doc. No. 42-2 at ¶ 12.

rely on mere allegations at summary judgment. See Hoffman v. Reali, 973 F.2d 980, 985 (1st Cir. 1992). Therefore, the record lacks any evidence to support the allegations that Ms. Pierce was denied use of PO Box 4065 before the expiration of her contract term on April 30, 2025. Instead, Defendants submitted properly authenticated postal records reflecting no payment activity after October 2, 2024, and Ms. Pierce has produced no evidence disputing the accuracy of those records. See Doc. No. 42-5; see also Fed. R. Evid. 803(7) (permitting evidence of the absence of an entry in regularly kept business records to prove that a transaction or event did not occur). Accordingly, the court treats Defendants' factual assertion regarding the absence of any May 2025 renewal payment as undisputed. See Fed. R. Civ. P. 56(e)(2); see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (noting that a nonmovant's failure to contest summary judgment affidavits requires taking the movant's facts as true, though the court must still evaluate the motion on its merits).

Viewing the record and all reasonable inferences therefrom in the light most favorable to her, Ms. Pierce failed to present any evidence to dispute Defendants' declaration regarding their compliance with the pertinent terms and conditions of their PO Box contract. Therefore, the court recommends granting Defendants' motion for summary judgment on the breach of contract claim.

## CONCLUSION

For the foregoing reasons, the magistrate judge recommends that the district judge grant Defendants' motion for summary judgment (Doc. No. 42) and deny all pending motions as moot (Doc. Nos. 45, 46, 47, 48, 49). Then, the Clerk may enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

______________________________
Talesha L. Saint-Marc
United States Magistrate Judge

August 25, 2026

cc: Rosemary D. Pierce, pro se
Counsel of record